◼ In the Matter of the Claim of ARTHUR FORST, Respondent, against BERGEN MEAT COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. The claimant worked as a hog cutter for the appellant employer who is in the wholesale meat business. While splitting hogs on March 19, 1956 he was taken with pain in his shoulder and was unable to straighten up. He did no more work that day and he came to work for the next few days but was unable to work. The claimant was seen by several doctors beginning on March 23, 1956 and eventually admitted to the hospital on April 4, 1956. A ruptured intervertebral disc was suspected. This was borne out by a myelogram and an operation was performed on April 9 removing the disc. The claimant did not tell his doctors about the alleged accident until after he was admitted to the hospital. The claimant returned to work on August 11, 1956. On April 19, 1956 the employer filed a report of injury and on April 22, 1956 the claimant filed a claim for compensation. The Referee found that an industrial accident had occurred and made an award from March 26 to August 10, 1956. He found no compensable lost time after August 10, and the case was continued. The board affirmed the Referee's decision and award. It also made a finding that failure to give notice within the time prescribed by section 18 was excused because the employer had actual notice on the day of the accident. The appellants maintain that there is no substantial evidence to support the board's finding of accident and causal relationship and that as a matter of law the record does not support a finding of accidental injury. The respondent on the other hand argues that the record supports the finding of accidental injuries related to the claimant's employment. The appellants' main argument as to the lack of substantial evidence seems to be based on the claimant's failure to mention any accident to his doctors until after he was admitted to the hospital. The claimant was first seen by Dr. Rosenberg for this injury on March 23, 1956. He had previously examined the claimant on June 7, 1955 for similar complaints of pain in the upper right arm and at that time he made a diagnosis of myositis and neuritis. The doctor

received no history of an accident on either occasion and he stated that although the complaints could have been caused by strain he would have to have received a history of strain in order to make such a diagnosis. Dr. Eschwege treated the claimant from March 24 until April 3 when he sent him to Dr. Cramer, a neurosurgeon. Dr. Eschwege felt that because of the claimant's condition that there might have been an injury but the claimant told him there was none. When he later found out about the history of an injury on March 19 he stated the condition was caused by it, despite the similar pains of the previous year. When asked by the doctor why he had at first denied the injury the claimant said he did not want to make a compensation case out of it. When Dr. Cramer first talked to the claimant on April 4 he received no history of an injury but when the claimant was admitted to the hospital that same day he stated that he was a compensation case. The claimant did not give the details of the history until April 18 while he was still in the hospital. Dr. Cramer testified that he had suspected an injury from the beginning. He stated that if the history given was true then the condition was caused by the claimant's work. Thus in substance the doctors testified that although they suspected an injury because of the nature of the condition, the claimant at first gave them no such history. They also felt that if the history subsequently given was correct then it caused the condition. The board was presented with the question as to just what happened on March 19. The claimant testified he came down with the meat cleaver and could not straighten up and he felt pain. The claimant first stated he had not had pain in his arm before but then admitted he had seen Dr. Rosenberg the year before for pain in his arm. The claimant's explanation for not immediately giving the doctors a history of the occurrence on March 19 was that he was not sure what was causing the pain and thought it might be from a cold. The claimant's story as to what happened on March 19 was supported by the testimony of his employer. The employer testified that he was called by the claimant's foreman and he found the claimant, who had been splitting hogs, doubled up with pain. Thus a question of the credibility of the witnesses was presented to the board and they were free to accept the story of the claimant and his employer. There is substantial evidence to support the findings of the board as to an accident and causal relationship. The appellants further argue that as a matter of law the finding of accidental injury cannot be sustained by the record. They maintain that the claimant's condition did not arise because of his employment and that in view of similar pain experienced the year before the symptoms were not unexpected. However, both Dr. Eschwege and Dr. Cramer stated that if the history was correct, then it caused the condition. The board, as it was free to do, has accepted that history as being correct. Furthermore the fact that the claimant was doing his regular work at the time does not prevent the occurrence from being termed an accident. Medical testimony connected the work with the injury and the board could properly find that the injury was an industrial accident. Decision and award unanimously affirmed, with costs to the claimant-respondent and to the Workmen's Compensation Board against appellants. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.