■ In the Matter of the Claim of EUGENE SULLIVAN, Respondent, against DUTCHESS COUNTY HIGHWAY DEPARTMENT et al. [FIREMAN'S FUND INDEMNITY COMPANY], Respondents, and DUTCHESS COUNTY HIGHWAY DEPARTMENT et al. [STANDARD ACCIDENT INSURANCE COMPANY], Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carriers, Standard Accident Insurance Company, from a decision and award of the Workmen's Compensation Board. The claimant sustained three accidents on April 8, 1949, September 27, 1949 and August 9, 1950, all in the same employment and all involving injuries to his back. The appellant carrier covered the first two accidents and the respondent Fireman's Fund Indemnity Company covered the third. It appears that the first two accidents occurring in 1949 involved very short periods of temporary disability. The case involving the April 8, 1949 accident was closed on June 1, 1949. No folder was prepared by the Workmen's Compensation Board on the September 27, 1949 accident until November, 1953 when a request was sent to the appellant carrier for the forms in the case. The carrier replied that its forms were destroyed because it was a no lost time case. However, there does appear in the record a report of injury which was filed by the employer on September 28, 1949 and two reports from the attending physician dated September 29, and October 13, 1949. The carrier also paid a doctor's bill for treatment after this accident. In June and September of 1952 testimony was taken concerning the accident of August 9, 1950. At that time the previous two accidents were mentioned and also the fact that the claimant had previously had polio. The remainder of the testimony was not taken until November, 1954 at which time all three accidents were before the Referee. The Referee held that there was a 25% permanent partial disability equally contributed to by all three accidents. He found that the first accident did not meet the requirements of subdivision 8 of section 15 but that the second two did and in those he held the Special Fund responsible after 104 weeks. The board affirmed the award but it discharged the Special Fund. Thereafter on reconsideration the board found that all three accidents fell within subdivision 8 of section 15 but it discharged the Special Fund as to the September, 1949 accident, finding that as to it a claim for reimbursement was not timely filed. The claim for reimbursement for the April, 1949 accident was filed on October 19, 1954 and for the August, 1950 accident on May 4, 1954. Both were thus filed after 104 weeks but the first accident case was originally closed and apparently so was the last one so that these fall under the reopened case provisions of section 15 (subd. 8, par. [f]) and are not involved on this appeal. The claim for reimbursement for the second accident was not filed until November 20, 1954 and the appellant carrier contends here that it is entitled to reimbursement from the Special Fund on this accident also. Apparently the reason the case for the accident of September, 1949 was

never closed was because the board had never originally indexed the case or made up a folder on it. The carrier contends this should excuse its late filing. Two cases have recently indicated that there might be circumstances where a carrier would be entitled to an extension of the 104-week period (*Matter of Hengel* v. *Federici & Sons*, 4 N Y 2d 176; *Matter of Turner* v. *Colgate Contr. Inc.*, 9 A D 2d 816). The *Turner* case discusses lack of knowledge of the injury. Such is clearly not the case here. Not only was an employer's report of injury filed and two doctor's reports received but the carrier actually paid a doctor's bill for treatment. Thus the appellant carrier had knowledge of the September, 1949 accident. The board correctly denied reimbursement with respect to the second accident on the failure to timely file a claim for reimbursement (*Matter of Lambright* v. *St. Luke's Hosp.*, 3 A D 2d 613, affd. 3 N Y 2d 832). Decision and award unanimously affirmed, with costs to the Special Disability Fund under subdivision 8 of section 15. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.