■ In the Matter of the Claim of HALLY HOFFMAN, Respondent, v. CREEDMOOR STATE HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HAMM, J. Appeal by employer and insurance carrier from a decision of the Workmen's Compensation Board that the claimant's unexplained injuries arose in and out of the course of the employment. The claimant worked for his employer as a dining room attendant. He had parked his automobile in a parking lot across the road from the dining hall. Both the parking lot and the road were within the hospital grounds. At the end of his work shift at 2 o'clock in the afternoon he left the dining hall and proceeded toward his automobile. He testified: "I recall heading for the car and I don't know after that, whether I fell or someone hit me. I woke up in Sick Bay." He was discovered in an unconscious condition inside the main gate of the hospital and about one half mile from the parking lot. A person who saw the claimant standing inside the gate testified that he seemed normal. There were no witnesses to the accident. Among other injuries the claimant suffered a fracture of the acetabulum and of the head of the femur with fragmentation of the acetabulum driven into the pelvis and also a fracture of the right hip. The only medical witness testified that the claimant's injuries could not have been sustained except as the result of a very severe trauma and that simply falling to the ground from a standing position could not have produced such a consequence. There was no evidence that the claimant suffered from any malady that could have produced an idiopathic incident. The record contains a report of Dr. Graham, a physician who had not seen the claimant but who reviewed the folder and hospital records and stated to the carrier: "It is possible for a fracture of the femoral head or acetabulum to occur in a patient of this age group as the

result of a fall while standing. Such a finding can occur in the absence of underlying bone disease." This statement did not constitute "substantial evidence to the contrary" within the meaning of section 21 of the Workmen's Compensation Law so as to deprive the claimant of the presumption of subdivision 1 of the section (*Matter of Moraes* v. *National Biscuit Co.*, 2 A D 2d 619, mot. for lv. to app. den. 2 N Y 2d 705; *Matter of Kurash* v. *Franklin Stores*, 12 A D 2d 368, mot. for lv. to app. den. 9 N Y 2d 612). The circumstance that the claimant was unable to remember walking to the gate relates at most to credibility which was for the board and does not serve to rebut the presumption as a matter of law. The appellants have failed to sustain the burden of proof and the presumption remains in favor of the claimant (*Matter of Teichert* v. *Linden Hill Cemetery*, 16 A D 2d 723, mot. for lv. to app. den. 11 N Y 2d 647; *Matter of Tigue* v. *Proskauer, Rose, Goetz & Meaklin*, 15 A D 2d 711, mot. for lv. to app. den. 11 N Y 2d 643; *Matter of Hoffman* v. *Grain Handling Co.*, 7 A D 2d 675, mot. for lv. to app. den. 5 N Y 2d 709; *Matter of Hoffman* v. *New York Cent. R. R. Co.*, 290 N. Y. 277). The appellant concedes that the remaining issue, the refusal of the board to grant an adjournment for the production of Dr. Graham, is now academic since the doctor's "complete" report is contained in the record. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.