■ In the Matter of the Claim of DOMINGO CARRERO, Respondent, v. NATIONAL SUGAR REFINERY COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board awarding claimant benefits for loss of vision as the result of an industrial accident. Appellants contend here that there is no substantial medical evidence to support the board's decision. With respect to causal relationship it appears that the board determined that issue adversely to appellants in December, 1963, and since no appeal was taken therefrom, appellants are precluded now to raise that issue here (*Matter of Smith* v. *Evergreen Cemetery Assn.*, 19 A D 2d 675, mot. for lv. to app. den. 13 N Y 2d 597). The only issue presently determined· was the extent to which claimant in fact suffered from loss of vision and· the board's decision that such loss was 100% is amply supported by substantial medical proof. Accordingly, the board's decision must be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur; Taylor, J., not voting.

■ In the Matter of the Claim of HARRIS PICKWORTH, Respondent, v. DWYER ELECTRIC COMPANY et al., Respondents, and · SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the Special Disability Fund from a decision of the Workmen's Compensation Board, which charged the appellant with liability under the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law. The sole issue on this appeal is whether or not the respondent insurance carrier timely filed its claim for reimbursement from the appellant. Subdivision 8 of section 15, as pertinent, provides that after the first 104 weeks of disability, the employer or insurance carrier shall be entitled to reimbursement from the Special Disability Fund and that the notice of the right to reimbursement must be given within that period, or in the event of the reopening of a case, no later than the determination of permanency upon such reopening. As in *Matter of Sullivan* v. *Dutchess County Highway Dept.* (11 A D 2d 549, mot. for lv. to app. den. 8 N Y 2d 707), the board did not index or open a file on this case for a delayed period of time but there appears in the record a report of injury by the employer and two reports by the attending physician filed within the prescribed period of 104 weeks. The failure of the employer to file for reimbursement within the prescribed time is fatal as this record does not establish any relief under the only exception to the rule, the reopening of a case and the establishing of permanency. Decision reversed, and matter remitted for proceedings not inconsistent with this decision, with costs to the Special Disability Fund. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.