In the Matter of the Claim of JOHN DARMAN, Respondent, v. NATIONAL MOBILE TELEVISION SERVICE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J. Appeal from a decision of the Workmen's Compensation Board, filed August 18, 1967. The board has found that claimant became disabled as the result of an occupational disease, in the nature of Dupuytren's contracture, on April 15, 1963 and that the employer of record was the appellant corporation. The testimony of the chief officer of the claimed employer, that of the claimant together with that of an investigator of the Workmen's Compensation Board, provides adequate support for a finding, based on substantial evidence, of claimant's employment by National Mobile Television Service, Inc. It was for the board to sift any conflicting testimony and attach to it the credibility it deserved. (*Matter of Angelino* v. *660 Park Ave. Corp.*, 28 A D 2d 798; *Matter of Giocastro* v. *New York City Tr. Auth.*, 24 A D 2d 679.) Claimant, a furniture finisher for 30 years, had been employed by National Mobile Television Service from October, 1962 until March, 1963. In April, 1963 he was examined by a doctor who found the existance of Dupuytren's contracture and who also testified, "that the claimant's work activities in his occupation caused a precipitation of the Dupuytren's contracture condition and that the cumulative effect of all the exposures in such occupation, including the last employment, contributed to the development of the Dupuytren's contracture condition." The record reveals substantial evidence to support the board's award and liability of the appellants herein for the proof adequately reveals that this last employment "contributed to the development" of the condition and, in that sense, aggravated it, thus removing from the case any raised objection under section 40 of the Workmen's Compensation Law. (*Matter of McCann* v. *City of New York*, 27 A D 2d 618; *Matter of Morrocco* v. *Mohican Stores*, 17 A D 2d 684, affd. 13 N Y 2d 1015.) Upon this appeal, the appellant carrier raises for the first time its claim of nonliability for payment of the award, contending it was not providing coverage at the time of claimant's employment, conceding, however, that it was the carrier at the time of disablement. This issue was never raised before the board and it appears that in its application to the board for review, the carrier raised only the question of employer-employee relationship, thus precluding it from raising the coverage issue upon this appeal. (Workmen's Compensation Law, § 23; *Matter of Gore* v. *City of Ogdensburg*, 29 A D 2d 599 and cases there cited, mot. for lv. to app. den. 21 N Y 2d 644.) Moreover, there is no denial of claimant's continuing disability during the periods mentioned, including the time when the carrier appellant provided coverage. The conclusion herein reached is not at odds with our holding in *Matter of McManus* v. *Rheingold*

*Breweries* (29 A D 2d 730), where the factual issue presented to the board was not disturbed. The question of apportionment between employers is not before us and we find unsubstantial the other contentions advanced by appellants. Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.