## THIRD DEPARTMENT, JULY, 1976

### (July 1, 1976)

■ In the Matter · of the Claim of RICHARD GILFUS, Respondent, v GENERAL CRUSHED STONE COMPANY, Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed April 12, 1974, which discharged the Special Disability Fund from liability because the self-insured employer's claim for reimbursement under subdivision 8 of section 15 of the Workmen's Compensation Law was not timely filed. On January 19, 1968 claimant sustained an accidental neck injury, and the incident was promptly reported to the board by both his employer and his physician. When it was later determined that the facts contained in these reports did not meet the board's standards for indexing a file, the papers were consigned to the no-claim file. Thereafter, in 1971, claimant's condition again became symptomatic, and he consulted the physician who had previously treated him. As a result, his case was assigned a number and taken under active consideration by the board, and ultimately he was awarded compensation benefits which were paid by the self-insured employer. On this appeal, the sole question presented is whether the self-insured employer timely filed its claim for reimbursement from the Special Disability Fund, and we find that it did not. Pursuant to section 15 (subd 8, par [f]) of the Workmen's Compensation Law, such a claim must be filed within 104 weeks of the date of disability or, where a previously closed case has been reopened, not later than the determination of permanency upon reopening. Here, the filing was plainly not accomplished within the initial 104-week period, and this is not a reopened case, as envisioned by the statute, where a later filing might be permissible. In the past we have denied reimbursement in strikingly similar factual situations solely because the claims therefor were not timely filed, and said denials have been sustained by the Court of Appeals (Matter of Pickworth v Dwyer Elec. Co., 26 AD2d 872, affd 20 NY2d 781; Matter of Sullivan v Dutchess County Highway Dept., 11 AD2d 549, mot for lv to app den 8 NY2d 707). Decision affirmed, with costs to the Special Disability Fund. Koreman, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.