In the Matter of the Claim of BARBARA M. MANLEY, Appellant, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES FOR BROOME COUNTY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed October 5, 1977, as amended by a decision filed December 30, 1977. Claimant, while employed as a teacher by the Board of Cooperative Educational Services for Broome County (BOCES), sustained injuries during the course of her employment. During her subsequent absence from her employment, claimant continued to receive her salary from BOCES pursuant to a collective bargaining agreement. BOCES filed a claim for reimbursement seeking recovery of these payments out of the workers' compensation payments due claimant. On the claim for workers' compensation, the referee made a schedule loss award to claimant for 20% loss of use of her right leg. The referee, however, determined that BOCES was entitled to the award in partial reimbursement of the wages paid claimant during her period of disability. Claimant filed an application for review with the Workers' Compensation Board challenging, *inter alia,* BOCES' right to any reimbursement of the wages paid to

claimant. The board affirmed the referee's decision and no appeal was taken therefrom. Over one and one-half years following said decision of the board, claimant's case was reopened "for consideration of further disability". Following a hearing, the referee rescinded the prior schedule loss award and made a new schedule loss award to claimant for 50% loss of use of her right leg. Part of this award was directed to be paid to BOCES for reimbursement of the remainder of wages paid to claimant during her disability. The board found, based upon its prior decision, that BOCES was entitled to the additional reimbursement and affirmed the referee's decision. It is from this latter decision of the board that claimant appeals. Claimant contends that the wages paid to her by her employer during her disability are not reimbursable under section 25 (subd 4, par [a]) of the Workers' Compensation Law and, therefore, the board erred in directing reimbursement to BOCES. The issue concerning reimbursement of moneys to BOCES was fully resolved by the board in its initial determination and claimant had a full and fair opportunity to contest the board's decision. Claimant's failure to appeal that decision precludes relitigation of the reimbursement issue herein (*Matter of Carrero v National Sugar Refinery Co.*, 26 AD2d 872). Claimant's argument that the board rescinded the prior award and made a new award lacks merit. A fair reading of both the referee's and the board's decisions leads this court to the conclusion that only the prior schedule loss award was rescinded. There was no modification or rescission of the earlier decision in regards to the reimbursement issue. Since the reimbursement issue was resolved in the original decision, and claimant failed to take advantage of her opportunity to contest that decision, it may not be relitigated. Accordingly, the decision must be affirmed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.