In the Matter of the Arbitration between the BOARD OF CO-OPERATIVE EDUCATIONAL SERVICES FOR THE SOLE SUPERVISORY DISTRICT OF BROOME-DELAWARE-TIOGA COUNTIES, Respondent, and BOCES TEACHERS ASSOCIATION et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered December 28, 1977 in Broome County, which granted petitioner's motion to stay arbitration. On October 8, 1971, appellant Manley, a teacher employed by petitioner, was injured in the course of her employment and as a result was absent from work from January 5, 1972 until September 5, 1972. During her absence, she received her wages from petitioner, in the amount of $5,763.12. Manley subsequently filed a claim for workers' compensation benefits. Thereafter, petitioner, pursuant to subdivision 4 of section 25 of the Workers' Compensation Law, filed a lien against the compensation payments due Manley for the amount of the wages it paid her during her absence from work. Appellant Manley, through her attorney, objected to petitioner's right to reimbursement, contending that under article 5 B of the collective bargaining agreement between petitioner and its teaching personnel, a teacher absent from employment due to injuries caused during the course of his or her employment is entitled to full salary during absence, up to one year, if necessary, less the amount of any workers' compensation payments made in lieu of salary. In a decision filed May 8, 1975, the referee found that Manley had a schedule loss of 20% of her right leg and made an award of $4,968; 24 weeks at $95 per week and 33-⅗ weeks at $80 per week. The referee, however, directed that the award be paid to petitioner as partial reimbursement for the $5,763.12 wages it paid Manley during her period of disability. The referee found that petitioner did not waive any right to reimbursement when it executed the collective bargaining agreement with appellant Boces Teachers Association (Association), and following *Matter of Ott v Green-Wood Cemetery* (262 NY 532), he directed reimbursement. Manley appealed the referee's decision to the Workers' Compensation Board which affirmed in a decision filed January 31, 1975. No appeal from the board's decision was taken by Manley. Subsequently, Manley applied to reopen her case on the basis of new medical evidence. In a decision, dated February 18, 1977, the referee rescinded the prior schedule loss award and instead found a schedule loss of 50% of the use of her right leg equal to 144 weeks payable at $95 per week for 24 weeks and the remainder of $80 per week. The referee also directed that an additional sum of $795.13 be paid to petitioner from the increased award to fully satisfy its lien of $5,763.12. Manley appealed that decision to

the board, renewing her contention that the wages paid to her by petitioner during her disability were not reimbursable. The board affirmed the referee, and thereafter we held that Manley's failure to appeal the original board decision filed January 31, 1975, precluded relitigation of the reimbursement issue *(Matter of Manley v Board of Co-op. Educational Servs. for Broome County,* 66 AD2d 943). On or about June 20, 1977, appellant Association on behalf of appellant Manley served a demand for arbitration upon petitioner, which stated that the nature of the dispute involved "Article 5 B Workmen's Compensation", and sought compensation of $3,483.13 to grievant Manley. Petitioner then sought an order staying arbitration, which Special Term granted. The appellants contend that they do not seek to arbitrate the reimbursement award to petitioner but rather seek an interpretation by the arbitrator of article 5 B of the collective bargaining agreement. We find this unpersuasive. The dispute sought to be resolved by arbitration is in reality identical to that previously decided by the board, as is demonstrated by appellants' demand that the arbitrator award $3,483.13 in compensation to Manley. Section 23 of the Workers' Compensation Law provides that an "award or decision of the board shall be final and conclusive upon all questions within its jurisdiction * * * between the parties, unless reversed or modified on appeal". Concededly, the reimbursement issue was within the jurisdiction of the board, and since the original board decision awarding reimbursement was not appealed by Manley, we agree with Special Term that by statute it became final and conclusive thereby precluding relitigation of it. Furthermore, since the issue which appellants seek to arbitrate has already been decided by the board, they should be collaterally estopped from relitigating it (see *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 69-70). Thus, upon the facts of this case, Special Term properly stayed arbitration. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney and Staley, Jr., JJ., concur; Mikoll, J., not taking part.