[663 NYS2d 687]

In the Matter of the Claim of BETTY LOU LEHSTEN, Respondent,
v NACM-UPSTATE NEW YORK et al., Appellants. SPECIAL
FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS'
COMPENSATION BOARD, Respondent.

Third Department, October 30, 1997

### APPEARANCES OF COUNSEL

*Williams & Williams,* Buffalo *(Mary M. Russo* of counsel), for Commercial Union Insurance Company, appellant.

*Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, L. L. P.,* Buffalo *(John A. Collins* of counsel), for Betty Lou Lehsten, respondent.

*Dennis C. Vacco, Attorney-General,* New York City *(Iris A. Steel* of counsel), for Workers' Compensation Board, respondent.

### OPINION OF THE COURT

WHITE, J.

Claimant's job duties as a collection assistant involved making phone calls and entering information into a computer. When she completed these tasks on May 26, 1993, she had to bring some materials to her supervisor. As she got up from her

desk, her chair went to the right and she twisted her body. At that point, she experienced a sudden severe pain in her lower back. Subsequently, claimant was diagnosed as having sustained an acute sprain of her lower back which resulted in a mild partial disability that prevented her from working.

Her claim for workers' compensation benefits was controverted by her employer, NACM-Upstate New York, and its workers' compensation insurance carrier, Commercial Union Insurance Company (hereinafter collectively referred to as the employer), on the ground that claimant's injury was not caused by an accident arising out of and in the course of her employment. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had established accident, notice and causal relationship, and awarded her compensation benefits. On administrative review, a panel of the Workers' Compensation Board unanimously affirmed the WCLJ's determination. The employer then sought full Board review, withholding payment of the compensation award to claimant. This action prompted the WCLJ to assess a penalty against the employer pursuant to Workers' Compensation Law § 25 (3) (f). After the Board panel affirmed the imposition of the penalty, the employer pursued these appeals.

Unless the Board's finding that claimant's injury was caused by a work-related accident is not supported by substantial evidence, its determination is conclusive even though the evidence might support a different result (*see, Matter of Gates v McBride Transp.*, 60 NY2d 670, 671; *Matter of Johnson v New York City Health & Hosps. Corp.*, 214 AD2d 895, 896, *lv denied* 86 NY2d 707). The test for determining whether a particular event was an accident is not dependent upon the identification of a specific traumatic event, but rather is determined by the " 'common-sense viewpoint of the average [person]' " which gives the Board a very wide latitude (*Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 135, quoting *Matter of Middleton v Coxsackie Correctional Facility,* 38 NY2d 130, 134). The broad interpretation afforded "accident" is exemplified by *Matter of Solomon v Cravat Creators* (270 App Div 870), wherein we sustained an award where the claimant was injured when she bent over and twisted to the right to pick up articles that had fallen to the floor, and *Matter of Forst v Bergen Meat Co.* (8 AD2d 554), where the claimant, as he was splitting hogs, experienced pain in his shoulder. Significantly, in both cases the claimants were injured while performing actions required

4

by their jobs (*compare*, *Matter of Williams v Schenectady County Dept. of Social Servs.*, 232 AD2d 677, 678).

In our view, the Board's determination in this case is supported by substantial evidence since the facts fall comfortably within the broad interpretation of accident. Not only was claimant injured while performing her job duties, its occurrence was not simply fortuitous as there is an identifiable work-related cause for the injury, i.e., her twisting to the right in response to the movement of her chair. These facts further establish that claimant's injury arose out of and in the course of her employment (*see*, Workers' Compensation Law § 21 [1]; *see also*, 110 NY Jur 2d, Workers' Compensation, § 368).

■ Predicated upon its application for full Board review of the Board panel's decision, the employer maintains that the imposition of the penalty upon it was unwarranted as it contravenes Workers' Compensation Law § 25 (3) (f), which precludes a penalty where the employer has applied to the Board for a modification, rescission or review of an award. The Board's position is that it acted appropriately because where, as here, the Board panel's decision is unanimous, the full Board's review of the panel's decision is discretionary; consequently, the request for a full Board review does not operate as a stay of payment of an award. The employer contends that the Board's position is erroneous.

Inasmuch as this issue involves a question of statutory interpretation, we need not accord deference to the Board's construction (*see*, *Matter of De Mayo v Rensselaer Polytech Inst.*, 74 NY2d 459, 462). The language of Workers' Compensation Law § 25 (3) (f) provides no support for the Board's position for it plainly states that a penalty cannot be imposed where an employer has applied to the Board for review, making no distinction between mandatory and discretionary reviews. Further, there is nothing in the legislative history that lends credence to the Board's interpretation. Prior to July 1, 1970, an appeal to this Court operated as a stay of the payment of compensation (Workers' Compensation Law § 25 [3] [former (c)]). Recognizing that the delays occasioned by such appeals defeated the objectives of the Workers' Compensation Law, the Legislature amended the statute to provide that an appeal to the judicial forum would not operate as a stay (L 1970, ch 585; *see*, State Labor Dept Mem, 1970 McKinney's Session Laws of NY, at 2967). There is nothing in the legislative history indicating that the Legislature intended this

amendment to extend to full Board review. Additionally, the Legislature established a procedure to reimburse an employer when an award is modified or reversed on appeal (L 1970, ch 585). Notably, a comparable procedure was not established with respect to the modification or reversal of an award following a full Board review, which would have been a logical component of the amendment if an application for full Board review no longer provided a stay. Given these factors, we concur with the employer that the imposition of the penalty upon it contravened Workers' Compensation Law § 25 (3) (f).

CREW III, J. P., YESAWICH JR., SPAIN and CARPINELLO, JJ., concur.

Ordered that the decision filed June 7, 1995 is affirmed, without costs.

Ordered that the decision filed June 17, 1996 is modified, without costs, by reversing so much thereof as imposed a penalty upon the employer, and, as so modified, affirmed.