■ In the Matter of the Claim of PEARL SPOERL, Appellant, v ARMSTRONG PUMPS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [674 NYS2d 833] —Mikoll, J. P. Appeal from a decision of the Workers' Compensation Board, filed December 5, 1996, which ruled, *inter alia*, that claimant's decedent did not sustain an accidental injury arising out of and in the course of his employment.

Claimant is the widow of Alfred Spoerl, a former vice-president and general manager of Armstrong Pumps, Inc. (hereinafter the employer). While on a business trip to Colchester, England, undertaken May 15, 1991, decedent became ill on May 19, 1991 and sought medical help there. He was diagnosed as having picked up a virus. Bed rest and intake of fluids were recommended by the physician summoned by the hotel where decedent was staying. Claimant flew to England on May 21, 1991, at her husband's request, and returned with decedent to the United States on May 23, 1991. Decedent became unconscious during the flight and was taken directly to the hospital from the airport. His physician testified that he was near death at the time. It is undisputed that he expired on May 29, 1991 as a result of having contracted bacterial endocarditis, a rare and deadly infection of the heart valves or other structures of the heart. Decedent was predisposed to the disease due to a preexisting heart condition.

Claimant sought workers' compensation death benefits as well as compensation for injuries suffered by decedent from the time he became ill until his death. Claimant sought compensation on two grounds: (1) that her husband contracted the illness during the course of a business trip, and (2) that he was deprived of effective medical care on the business trip contributing to his death. The claims were controverted by the employer and its workers' compensation insurance carrier, Great American Insurance Company (hereinafter collectively referred to as the employer). The Workers' Compensation Law Judge (hereinafter WCLJ) found that decedent had not sustained an accidental injury arising out of and in the course of his employment, holding that claimant failed to establish that decedent contracted his disease while on the business trip to England as opposed to contracting it in the United States, and denied the injury claim. The WCLJ did find that decedent was put at an increased risk by his business trip to England which contributed to the swift progression of the bacterial infection resulting in his death. Claimant was awarded compensation on this basis.

On review of the decision, a panel of the Workers' Compensa-

tion Board affirmed the award of death benefits and reversed the WCLJ's denial of the compensable injury claim. The employer simultaneously sought full Board review of the panel's determination and appealed the determination to this Court. The employer withheld payment of the benefits awarded. A penalty was thereafter assessed against the employer pursuant to Workers' Compensation Law § 25 (3) (f). The employer supplemented its application for full Board review of the penalty award. The full Board rescinded the award and remitted the case to the panel for further consideration.

By decision of December 5, 1996, the Board held that it could not be determined when the infection entered decedent's bloodstream and held that decedent "did not sustain an accident or occupational disease as defined in the Workers' Compensation Law and his death did not result therefrom". This appeal by claimant ensued.

It is fundamental that if a Board's determination is supported by substantial evidence in the record, its determination is conclusive even if the evidence would support a different result (cf., Matter of Lehsten v NACM-Upstate N. Y., 236 AD2d 1, 3). We note that claimant does not contend that the finding of the Board lacks substantial evidence. It is thus conceded that the disease's entomology has not been established to be attributable to decedent's employment. We deem the issue abandoned, noting as well that were we to consider it, we would conclude that the record contains substantial evidence to support the Board's determination on the matter.

Both medical experts were in agreement that the bacteria responsible for decedent's infection was staphylococci, a bacteria common both in the United States and England. The source of entry into decedent's body was not established. The inception and progress of the disease also was not established with any certainty. Joseph Gelormini, decedent's physician, believed that the disease could have been contracted a day or two before decedent fell ill in England, although he admitted that the disease does not normally progress that quickly. John Sellick, the physician appearing for the employer, opined that inception could have antedated decedent's trip or may have occurred very quickly on the flight home. The two medical doctors never saw decedent during his time in England and they relied on the observations of decedent made by lay persons for the basis of their opinions. The experts were in conflict as to whether decedent contracted the infection before, during his trip or on the flight home from England, and the Board credited the conclusions of Sellick, finding that it was not work related.

Claimant urges that the lack of appropriate medical care occasioned by the trip constituted a compensable injury, regardless of whether decedent contracted the infection before or during his trip, and that in failing to address this issue an error of law occurred. We disagree. The Board's findings include the conclusion that decedent's initial symptoms were not consistent with a diagnosis of endocarditis, thus rejecting claimant's position that lack of treatment for endocarditis constituted a compensable injury. We thus find that not only was the issue addressed but, based on the Board's findings, claimant's position was rejected. The record supports such finding by substantial evidence.

Since the underlying award upon which a penalty pursuant to Workers' Compensation Law § 25 (3) (f) was imposed against the employer was rescinded, the issue of the penalty is now moot. We find that the employee's application for full Board review stayed payment of the penalty award as a matter of law (*see, Matter of Lehsten v NACM-Upstate N. Y.*, 236 AD2d 1, *supra*).

Crew III, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.