■ In the Matter of the Claim of DEBRA WEINGARTEN, Respondent, v PATHMARK STORES, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [681 NYS2d 168] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed January 25, 1995.

While working as a clerk for Pathmark Stores, Inc. (hereinafter the employer) in March 1989, claimant sustained injuries to her head, back and right shoulder when she was struck by a falling 50-pound box of frozen food. Her attempts to return to work were unsuccessful, as she experienced head-

aches, concentration problems, double vision, loss of memory and unsteady gait. She was diagnosed with mild cerebral and cerebellar atrophy resulting in an organic mental syndrome and "multiple cognitive deficits following traumatic brain injury". Notwithstanding conflicting medical testimony as to whether these conditions were causally related to her accident, the employer stipulated that claimant was permanently partially disabled, she was awarded workers' compensation benefits and her case was closed.

Subsequently, treatment at the Head Injury Technical School (hereinafter HITS), located in Pennsylvania, was recommended by the Workers' Compensation Board's Office of Vocational Rehabilitation in order to treat claimant's difficulties in "short term memory, concentration, manipulation of mathematics, impaired reading and impaired abstract thinking". Claimant's case was reopened and in December 1992, the Workers' Compensation Law Judge (hereinafter WCLJ) authorized claimant's admission to HITS. Although the propriety of this treatment was clearly at issue at this hearing, no appeal was taken from this decision. At a May 1993 hearing, the employer attempted to challenge whether all of the treatment claimant was receiving at the facility was related to her work injury, but the doctor's report purporting to establish that the employer's proportionate share of her treatment was only "10 to 20 percent" was ruled inadmissible by the WCLJ because it was not timely filed in accordance with Board rules.

In April 1994, the employer again attempted to argue that claimant was receiving services at HITS that were unrelated to the injuries sustained in her accident and that the bill for services should be apportioned. Despite the earlier rejection on procedural grounds of what might have been relevant medical evidence on this issue, the employer offered no medical testimony to support its claim of apportionment, apparently arguing that the burden was on claimant to "produce a medical report explaining how this facility is dealing with this accident rather than her other problems". The WCLJ directed the employer to pay the entire bill for services rendered by HITS during claimant's 15-month treatment, totaling approximately $245,000. The employer sought review by the Board, arguing that there was a lack of evidence to support the conclusion that all of the services provided at HITS were causally related to claimant's accident. Upon the Board's affirmance, this appeal ensued.

As noted previously, the employer took no appeal from the WCLJ's 1992 decision directing it to provide claimant with

treatment at HITS pursuant to Workers' Compensation Law § 13. While the WCLJ incorrectly concluded in May 1993 that its decision was "the law of the case" (a theory which has no application to workers' compensation decisions at the administrative level [*see, Matter of Giglio v Fehlhaber Horn Corp.*, 97 AD2d 564]), the employer's failure to appeal the 1992 decision and its May 1993 concession that it was acquiescing in the HITS therapy as a "courtesy" to claimant preclude the employer from raising the issue on this appeal. Workers' Compensation Law § 13 (a) requires an employer to provide medical or "other attendance or treatment" as needed during the process of recovery of an injury. The Court of Appeals has held that "other treatment" is to be broadly interpreted (*see, Matter of Smith v Tompkins County Courthouse*, 60 NY2d 939, 941; *Matter of Morrell v Onondaga County*, 244 AD2d 695). Furthermore, the burden was on the employer to establish that any award was improper (*see, Matter of Hoffman v Creedmoor State Hosp.*, 22 AD2d 736) and "it is clear that the party with the burden of proof cannot prevail without putting on any evidence" (8 Larson, Workers' Compensation Law § 81.33 [c]). In this case, the employer simply failed to come forward with any medical evidence to contradict the substantial evidence in the record which supports the Board's decision that claimant's head injuries required "cognitive remediation on an in-patient basis".

Moreover, despite knowing in 1992 that claimant was being recommended for placement in the out-of-State program, the employer never suggested an alternate comparable in-State treatment program and this issue may not be raised for the first time on appeal (*see, Matter of Fonda v Norton Co.*, 195 AD2d 834; *Matter of Rigali v Town of Colonie, Verdoy Fire Dist.*, 47 AD2d 507; *Matter of Darman v National Mobile Tel. Serv.*, 30 AD2d 1007). Even if the employer had preserved this issue, we would conclude that it is without merit as the record contains substantial evidence to support the conclusion that claimant's causally related injuries necessitated her participation in this particular program. We also reject the employer's contention that the record should have been further developed with respect to itemization of the HITS bill. The record contains sufficiently detailed reports of the services provided to establish the employer's responsibility for payment of same.

The employer's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.