■ In the Matter of the Claim of EDWARD DECKER, Appellant-Respondent, v KINGS PARK INDUSTRIES, INC., et al., Respondents-Appellants. WORKERS' COMPENSATION BOARD, Respondent. [716 NYS2d 833] —Lahtinen, J. (1) Appeal from a decision of the Workers' Compensation Board, filed June 4, 1998, which ruled that claimant had removed himself from exposure to harmful noise in compliance with Workers' Compensation Law § 49-bb, and (2) cross appeals from an amended decision of the Workers' Compensation Board, filed November 4, 1999, which ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits.

Claimant, an operating engineer, filed a claim in November 1993 seeking workers' compensation benefits for an occupational "27.9 percent binaural hearing loss" allegedly suffered during the course of his employment with Kings Park Industries from 1990 until he was laid off in February 1993. Claimant testified that his duties involved overseeing the operation of an asphalt plant requiring him to work in close proximity to four 10-horsepower motors and other equipment which were "real loud." By decision dated June 14, 1994, the Workers' Compensation Law Judge (hereinafter WCLJ) found "prima facie medical evidence of causally related binaural loss of hearing" which consisted of the December 15, 1993 medical report of claimant's attending physician, Richard Etra. On February 12, 1996 the WCLJ precluded the testimony of Etra and the workers' compensation carrier's medical consultant based on their failure to appear and testify at two scheduled hearings but, nevertheless, on July 16, 1996 established occupational disease, notice and causal relationship and made an award based on a finding of a 27.9% loss of hearing.

The carrier appealed to the Workers' Compensation Board and, on its initial review, a Board panel held that the testimony of both physicians was properly precluded but rescinded the WCLJ's decision and restored the case for development of the record on the issues of claimant's removal from a harmful noise environment and the production of clarifying medical evidence. At the subsequent hearing claimant testified concerning his removal from a harmful noise environment, but there was no attempt to present additional clarifying medical evidence establishing a causal relationship between claimant's Kings Park employment and his hearing loss. By decision filed October 1, 1997, the WCLJ reestablished the case making the

same findings that he had made in his July 16, 1996 decision. The carrier again appealed to the Board and, on June 4, 1998, a Board panel found that claimant had established that he removed himself from exposure to harmful noise and affirmed the WCLJ's decision. The carrier then applied for full Board review and filed a notice of appeal to this Court.

On November 4, 1999, before any action by the full Board or perfection of the appeal to this Court had taken place, the Board panel amended its June 4, 1998 decision, reaffirming its finding that claimant established that he had removed himself from harmful noise levels but making new findings that the record did not contain sufficient credible evidence to establish causal relationship,[1] percentage of loss or date of disablement pertaining to claimant's hearing loss and rescinded the WCLJ's October 1, 1997 finding of a causal relationship between claimant's occupational hearing disease and his Kings Park employment.

The carrier now appeals from the June 4, 1998 decision and the November 4, 1999 amended decision insofar as those decisions found that claimant had removed himself from continued exposure to harmful noise. Claimant appeals from that portion of the November 4, 1999 amended decision which found insufficient credible evidence to establish causal relationship, percentage of loss or date of disablement, and rescinded his award of benefits.

A finding by a Board panel may not be disturbed if supported by substantial evidence (*see, Matter of Kurzyna v Communicar, Inc.,* 182 AD2d 924, *lv denied* 80 NY2d 754) even where there is substantial evidence leading to a contrary conclusion (*see, Matter of MacKenzie v Management Recruiters,* 271 AD2d 822, *lv denied* 95 NY2d 768; *Matter of Grucza v Waste Stream Technology,* 252 AD2d 901, 903; *Matter of Kurzyna v Communicar, Inc., supra*). Claimant's testimony regarding his working conditions at Kings Park and the conditions at his subsequent employers' workplaces, where he worked with heavy equipment in cabs with sound proofing and windows and in areas separated from noisy machinery, was uncontroverted, fully supporting the Board panel's determination that he had removed himself from an environment of harmful noise. The

---

1. The Board panel found that "claimant has no medical reports in the Board record whereby he can show a causal relationship between his hearing loss and work with his employer."

carrier's argument that Workers' Compensation Law § 49-bb[2] mandates use of effective ear protection as the only method of removal from exposure to harmful noise contemplated in the statute must be rejected. The decision reflects a rational determination of the factual evidence presented here, which, as previously noted, might under different circumstances be found to support a contrary conclusion (*see, e.g., Matter of MacVittie v Guterl Specialty Steel Co.*, 154 AD2d 751). The Board panel's finding that Kings Park was the last workplace where claimant was exposed to harmful noise levels is supported by substantial evidence.

Turning to claimant's assertion that the Board panel erred in its November 4, 1999 amended decision by holding that there was not sufficient credible evidence to establish causal relationship, percentage of loss or the date of disablement regarding claimant's hearing loss, we again conclude that the Board panel's finding is supported by substantial evidence. Claimant argues that the unchallenged June 14, 1994 decision of the WCLJ found that the uncontradicted medical reports of his attending physician constituted prima facie medical evidence of causally related binaural loss of hearing by operation of Workers' Compensation Law § 21 (5), which states "[t]hat the contents of medical and surgical reports introduced in evidence by claimants for compensation shall constitute prima facie evidence of fact as to the matter contained therein." While the WCLJ accepted claimant's medical report and, by his July 16, 1996 decision initially established causal relationship between claimant's employment at Kings Park and his hearing loss in conformance with that statute, the Board panel's decision filed March 19, 1997 rescinded that July 16, 1996 decision and restored the case for, *inter alia*, "a clarifying report by * * * Etra on the question of causal relationship of the claimant's hearing loss to his work for Kings Park Industries." No clarifying medical report was ever filed. Claimant's failure to provide clarifying medical evidence was fatal to his workers' compensation claim and provided a rational basis for the finding that the record lacked sufficient credible evidence to establish the necessary causal relationship between claimant's hear-

---

2. The applicable statute, Workers' Compensation Law § 49-bb, reads, in pertinent part, as follows: "compensation for occupational loss of hearing shall become due and payable at the employee's choice three months after (1) removal from exposure to harmful noise in employment (* * * [this] may be achieved by use of effective ear protection devices provided at the expense of the employer) or (2) separation from work for the last employer in whose employment the employee was at any time during such employment exposed to harmful noise."

ing loss and his employment at Kings Park (*see, Matter of Berland v P. Mackner & Co.*, 276 AD2d 855; *Matter of Marks v County of Tompkins*, 274 AD2d 764; *Matter of De Salvo v Prudential Ins. Co. of Am.*, 248 AD2d 897).

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.