■ In the Matter of the Claim of LYDIA HUGHES, Respondent, v INDIAN VALLEY INDUSTRIES, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [737 NYS2d 133] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed January 10, 2001, which, inter alia, ruled that claimant's back injury was causally related to her employment.

In October 1996, claimant suffered a work-related injury while lifting a 500-pound tarpaulin. Claimant's application for workers' compensation benefits asserted left foot, leg and low back injuries and nerve damage. The initial decision of the Workers' Compensation Law Judge (hereinafter WCLJ) determined accident, notice and causal relationship for the left foot injury only, and awarded benefits. Thereafter, the case was continued and claimant was directed to produce medical evidence relating to her claims of left leg, low back injuries and nerve damage.

During subsequent hearings with respect to these issues, the employer's workers' compensation carrier produced medical evidence that claimant suffered from a chronic back problem and a progressive neurological degenerative disease, causing claimant's left foot drop, and that both conditions predated claimant's accident. Claimant's treating physician, however, testified that although he had previously treated claimant for low back and leg pain, at the time of the accident she was asymptomatic and had been for at least six years. Thus, claimant's treating physician concluded that claimant's current complaints of low back pain were causally related to the accident and that her left foot drop was directly attributable to a sciatic nerve injury causally related to the accident. When confronted with a report by the carrier's medical consultant, claimant's treating physician did concede, however, that it was possible that claimant had peripheral neuropathy prior to the accident.

At the conclusion of these hearings, the WCLJ amended the findings of accident, notice and causal relationship to include the back injury and left foot drop. On appeal to the Workers' Compensation Board, the carrier argued that the back injury and left foot drop were not causally related and that since claimant failed to inform the carrier's consulting neurologist about preexisting conditions, she should be precluded by Workers' Compensation Law § 114-a from receiving benefits. The Board rescinded that portion of the determination of the WCLJ

which expanded accident, notice and causal relationship to include the left foot drop and directed claimant to be examined by an impartial neurologist prior to final determination of this issue. The Board did not disturb the findings with respect to the back injury and rejected the carrier's argument that claimant was precluded from benefits as a result of fraud. The employer and its carrier now appeal from this decision.

Since we find no basis upon which to disturb the Board's determination, we affirm. Clearly, the record contains conflicting expert medical testimony with respect to the injuries suffered by claimant as a result of the accident, the resolution of which lies within the province of the Board (*see, Matter of Traver v Rickkard Constr. Co.*, 286 AD2d 808; *Matter of La Fave v St. Lawrence County*, 283 AD2d 790, 791). We find no error in the Board's determination to obtain additional medical evidence in an effort to render a reasoned determination with respect to the left foot drop issue (*see generally*, Workers' Compensation Law § 23). Further, we conclude that the balance of the Board determination with respect to both the back injury and the fraud issue is supported by substantial evidence, despite the existence of evidence which would support a contrary conclusion (*see, Matter of Decker v Kings Park Indus.*, 278 AD2d 530, 531; *Matter of Spoerl v Armstrong Pumps*, 251 AD2d 915, 916, *lv denied* 92 NY2d 820).

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.