■ In the Matter of the Claim of RUBY HOWARD, Appellant, v NEW YORK TIMES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [754 NYS2d 754] —Rose, J. Appeals (1) from a decision of the Workers' Compensation Board, filed November 23, 1999, which ruled that claimant's need for knee replacement surgery was not causally related to her prior compensable injury, and (2) from a decision of said Board, filed April 16, 2001, which denied claimant's application for reconsideration and/or full Board review.

In February 1985, claimant was examined by the employer's physician to assess her ability to perform her job-related duties

following back surgery. Claimant averred that she was seriously injured in the course of this physical examination when the physician struck her right knee with a reflex hammer. Her subsequent application for workers' compensation benefits resulted in a decision of a panel of the Workers' Compensation Board, filed in February 1991, finding that she had sustained a compensable 7½% schedule loss of the use of her right leg. The case was subsequently reopened and coverage was granted for additional surgery to repair claimant's right knee. The case was then closed with a finding of a 20% schedule loss of the use of her right leg. The matter was again reopened in October 1995 upon claimant's application for benefits to cover the cost of total right knee replacement surgery which, she averred, was causally related to the underlying accident of February 1985. Following an administrative hearing, a Workers' Compensation Law Judge denied the claim, ruling that claimant's need for knee replacement surgery was caused by progressive osteoarthritis and was unrelated to any injury that might have resulted from the physical examination conducted by the employer's physician in 1985. A panel of the Board, in a decision filed November 23, 1999, affirmed this decision. Claimant's subsequent request for reconsideration and/or full Board review was denied by a decision filed April 16, 2001. Claimant now appeals from both decisions.

In general, the Board's determination that a claimant's current medical condition did not arise from a previous compensable accident will be upheld so long as it is supported by substantial evidence (*see Matter of Wachtler v AT&T*, 285 AD2d 767, 768). In this matter, the requisite substantial evidence supported the Board's decision. Presented at her administrative hearing was the expert medical testimony of claimant's orthopedic surgeon who opined that claimant's need for a total right knee replacement was the result of progressive osteoarthritis, a condition, he noted, that would not have resulted from reflex testing with a rubber mallet. Evidence was also presented showing that X rays taken two weeks after claimant's 1985 accident indicated that she suffered from arthritis in her right knee at that time. In addition, claimant's attending physiatrist testified that he had been treating her for chronic recurring osteoarthritis in her right knee since 1987. As substantial evidence supported the Board's determination that claimant's need for knee replacement surgery was unrelated to the underlying accident of 1985, its decision will not be disturbed (*see Matter of Hughes v Indian Val. Indus.*, 290 AD2d 871, 872).

As to claimant's request for reconsideration and/or full Board

review, we find no abuse of discretion on the part of the Board nor did it act in an arbitrary or capricious manner in denying this application (*see Matter of Thompson v General Motors Corp./Delphi Harrison*, 276 AD2d 820, 821). The Board considered the issues raised by this matter upon its initial consideration thereof and claimant has presented no new evidence that was previously unavailable to supplement the record in any meaningful fashion (*see Matter of Saczawa v United Parcel Serv.*, 236 AD2d 656, 657). The remaining contentions raised by claimant have been considered and found to be without merit.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.