■ In the Matter of the Claim of NORMA HAVERN, Appellant, v UNITED PARCEL SERVICE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [771 NYS2d 746]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed October 23, 2002, which ruled that the death

of claimant's decedent was not causally related to his employment and denied claimant's applications for workers' compensation benefits.

Decedent experienced chest pains at work and suffered an acute myocardial infarction on January 11, 1985. He had a fatal heart attack on January 29, 1985. These claims for disability and death benefits followed.

In April 1987, a decision from a Workers' Compensation Law Judge (hereinafter WCLJ) purportedly established the disability claim for accident, notice and causal relationship. The workers' compensation carrier responded to this decision with a letter to the Workers' Compensation Board stating that "[n]o such concession was made at the hearing" and that, in fact, at the hearing "the case was adjourned for the carrier to produce consultant's report." Numerous proceedings followed, including the preparation of the consultant's June 1987 report in which the doctor opined that decedent's nonwork-related stress, heavy smoking and drinking, not his work, caused his illness and death. No awards were ever made and, for various reasons, not relevant, the cases were closed and reopened for the next 14 years.

In 2001, new counsel appeared for claimant and argued at a March 2002 hearing that the April 1987 decision establishing the disability claim was "the law of the case" and, therefore, the death claim must be established as consequential to the initial myocardial infarction. The WCLJ rejected this argument, finding that the disability claim was not established in 1987 and denied the death claim for lack of sufficient credible medical evidence. The Board affirmed the denial of the death claim, agreed with the determination that the disability claim had not been established in April 1987 and further noted that there was insufficient evidence to establish the disability claim. Claimant appeals.

Initially, we note that the doctrine of law of the case does not control determinations at the administrative level in Workers' Compensation Law claims (see Matter of Weingarten v Pathmark Stores, 256 AD2d 648, 650 [1998]; Matter of Spaminato v Bay Transp. Corp., 32 AD2d 345, 346-347 [1969]). In any event, our review of the record reveals that the Board's determinations— that decedent's disability claim was not established in April 1987 and that decedent's two heart attacks were not causally related to his employment—are supported by substantial evidence (see Matter of Decker v Kings Park Indus., 278 AD2d 530, 532-533 [2000]; Matter of Gedon v University Med. Residents Servs., 252 AD2d 744, 745-746 [1998], lv denied 92 NY2d 817

[1998]). The remaining arguments have been considered and found unpersuasive.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.