■ In the Matter of the Claim of CORINE D. WALLACE, Appellant, v YWCA OF CHEMUNG COUNTY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. (And Another Related Claim.) [778 NYS2d 728]—

Carpinello, J. Appeals (1) from a decision of the Workers' Compensation Board, filed July 3, 2001, which ruled that claimant's compensable injuries were properly apportioned, and (2) from a decision of said Board, filed August 20, 2002, which ruled that the issue of apportionment had already been decided and that no new evidence warranted reconsideration, and (3) from a decision of said Board, filed December 20, 2002, which denied claimant's request for reconsideration or full Board review.

Claimant filed separate workers' compensation claims for back and neck injuries that she sustained while working in 1991 and 1996, and was ultimately found to have established accident, notice and causal relationship for both. Claimant had sustained similar injuries in 1981, 1985 and 1987. The Workers' Compensation Board issued a decision in August 2000 ruling that apportionment in claimant's cases was appropriate between the 1991 and 1996 injuries, as well as the earlier injuries, and apportioned 40% of claimant's disability to the 1996 injury, 8% to the 1991 injury, and 52% to the earlier noncompensible injuries. In a July 2001 decision, the Board noted that the apportionment of claimant's injuries was supported by substantial evidence and affirmed an award of benefits at the apportioned rate and a finding of an overpayment. Thereafter, claimant

requested that her cases be reopened in order to present additional medical records. The Board, in an August 2002 decision, declined to reconsider the issue of apportionment. Claimant's subsequent request for full Board review or reconsideration was rejected in a December 2002 decision. Claimant now appeals from the July 2001, August 2002 and December 2002 Board decisions.

Initially, we note that claimant did not file a timely appeal from the July 2001 decision (*see* Workers' Compensation Law § 23; *Matter of Shell v Poughkeepsie Hous. Auth.*, 276 AD2d 843, 845 [2000], *lv dismissed* 96 NY2d 731 [2001]). As for the August 2002 decision, while the law of the case doctrine does not apply in administrative situations such as this (*see Matter of Havern v United Parcel Serv.*, 4 AD3d 655, 656 [2004]; *Matter of Weingarten v Pathmark Stores*, 256 AD2d 648, 650 [1998]), the apportionment issue was decided in the Board's August 2000 and July 2001 decisions—neither of which were timely appealed by claimant—and the Board refused to consider the issue in its August 2002 decision. Accordingly, claimant is precluded from raising the issue on this appeal (*see* Workers' Compensation Law §§ 23, 123; *Matter of Weingarten v Pathmark Stores, supra* at 650; *Matter of Manley v Board of Coop. Educ. Servs. for Broome County*, 66 AD2d 943, 944 [1978], *lv denied* 46 NY2d 712 [1979]; *Matter of Carrero v National Sugar Refinery Co.*, 26 AD2d 872 [1966]).

Finally, in reviewing the December 2002 decision, we must consider "whether there was an abuse of the Board's discretion or whether it acted in an arbitrary or capricious manner in denying [claimant's] request for reconsideration and/or full Board review" (*Matter of Doherty v Colgate Univ.*, 3 AD3d 810, 810-811 [2004]). In her application for review, claimant points to very little evidence that was not before the Board in its August 2000 and July 2001 decisions, and none that would "supplement the record in any meaningful fashion" (*Matter of Howard v New York Times*, 302 AD2d 698, 700 [2003], *lv dismissed and lv denied* 100 NY2d 531 [2003]). Accordingly, her request was properly denied.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.