◼ In the Matter of the Claim of NORMAN ROSENBERG, Respondent, v. S. SCHECTOR & Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and carrier, the sole issue being the amount of deficiency compensation presently due the claimant. Claimant suffered a fractured knee in an industrial accident in 1954. During his period of recovery, the claimant was paid a total of $4,372.55 in temporary disability compensation by the carrier, who also expended the sum of $5,165.43 in medical payments to doctors, giving the carrier a lien totaling $9,537.98. A third-party action was commenced by claimant, which was settled with appellants' consent for $5,000. The settlement was divided in thirds among claimant, claimant's counsel and the carrier, who wrote the following to claimant's attorney: "We are prepared to accept one third of the settlement of $5,000 *in satisfaction of our lien*". (Emphasis added.) Thereafter, a compensation award was made in the amount of $6,485.33, less $1,666.67 — claimant's share of the third-party settlement — for a total balance due claimant of $4,817.16. This decision of the Referee was affirmed by the board, relying on the language of carrier's letter set out above to find that the appellants had waived their lien. Appellants contend that they are entitled to the *full lien* with respect to payments already made ($4,372.55) plus the sum claimant received from the third-party action ($1,666.67), which when added together and subtracted from the compensation award leaves a balance due of $445.11. They feel the construction given their letter is unreal and that it is completely contrary to all human experience to suppose that a business man would agree to accept $1,666.67 in return for an obligation to pay $4,817.16. Additionally, the carrier takes the position that the board's decision contravenes the letter and spirit of subdivision 1 of section 29 of the Workmen's Compensation Law which, it is argued, inures to the sole benefit of the employer until such time as the employer is made completely whole, and precludes the claimant's right to participate until after the employer and carrier are completely reimbursed. The burden thus placed upon the appellants is admittedly oppressive, requiring them to part with $9,189.71 when the award totalled $6,485.33. In fact, if there had been no third-party suit, the carrier would only be liable for $2,112.78, or the difference between the $4,372.55 it had already paid, and the eventual award. In our view the legal effect of the agreement for the settlement of the third-party action and the distribution of the proceeds seems to have been that, from the $5,000 recovery, an attorney's fee of $1,666.66 would be paid, the carrier would receive $1,666.67 and claimant would receive $1,666.67 free from any lien or other claim of the carrier; this because the carrier agreed to accept $1,666.67 in satisfaction of its lien and not $3,333.34 which is, in effect, the amount it now claims. That, as a result, claimant would receive a windfall of $1,666.67 does not condemn the agreement since claimant was not bound to settle for an amount which would yield him nothing, but could have assumed the risk of litigation with the possibility that he would recover nothing; in which event the carrier, instead of receiving $1,666.67 as it did, would have recouped nothing. By the same token, the carrier did not intend a settlement which not only would yield it nothing but would, under the decision appealed from, actually require it to pay claimant $7,524.56 although his total award is but $6,485.33. Thus, for purposes of settlement and distribution, the carrier waived its right to enforce its lien for the full amount, while pre-

serving its offset of $4,372.55, less its $1,666.67 recovery, or $2,705.88, against the final lump-sum award. This follows, not from the statute, but from the parties' agreement, made in the light of the peculiar circumstances of this case. On such basis, the carrier would pay $2,112.78 as the balance of the final award, which would bring to $9,984.09 (net) its payments upon its $11,650.76 liability for medical expense (to the time of the settlement) and the lump-sum award. The difference is, of course, the $1,666.67 proceeds of settlement and clearly it was intended that the carrier would have this amount, and no more (as it now claims) and no less (as would follow from the board's decision). Decision reversed and the matter remitted to the Workmen's Compensation Board for further disposition not inconsistent with this statement, without costs. Gibson, J. P., Herlihy, Reynolds and Taylor, JJ., concur.