■ In the Matter of the Claim of LORENZO V. RUSSO, Respondent, v M & M TRANSPORTATION et al., Appellants and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeals (1) from a decision of the Workers' Compensation Board, filed September 19, 1984, which discharged the Special Disability Fund, and (2) from a decision of said Board, filed February 20, 1986, which denied the application of the employer and its carrier for reconsideration.

Claimant was employed by M & M Transportation when, on November 19, 1976, he sustained injuries to his back and knee. Various findings were made regarding the permanence of claimant's injuries and the rate of compensation. The employer's insurance carrier filed a claim for reimbursement from the Special Disability Fund alleging preexisting conditions of chronic pulmonary disease, diabetes, degenerative disc disease and knee injury (see, Workers' Compensation Law § 15 [8]). On November 30, 1982, when the case appeared on the Trial Calendar, the representative of the Special Fund contended that the carrier failed to produce medical proof to support its claim of preexisting conditions. The Hearing Officer directed the carrier to produce such proof and continued the case. At the next hearing, when the carrier failed to produce any medical proof, the Hearing Officer discharged the Special Fund. On appeal, the Workers' Compensation Board affirmed, holding that the carrier had ample opportunity to produce clarifying medical proof and had failed to do so. These appeals ensued.

We affirm. An employer seeking relief under Workers' Compensation Law § 15 (8) must demonstrate that the employee had a permanent physical impairment prior to the accident, that such condition was known to the employer, and that the subsequent disability is materially and substantially greater than that which would have resulted from the subsequent injury alone (see, Workers' Compensation Law § 15 [8]; Matter of Saletta v Allegheny Ludlum Steel Corp., 62 AD2d 360, lv denied 45 NY2d 711). In the instant case, the carrier failed to submit clarifying medical proof regarding the preexisting disability even after the Hearing Officer directed it to do so. The carrier's contentions are directed at the knowledge element of a Workers' Compensation Law § 15 (8) claim. However, before such knowledge element can be addressed, the existence of a previous disability must be dealt with. The Board's finding that the carrier failed to submit the medical proof required despite ample opportunity to do so is neither arbitrary nor capricious and must be affirmed.

Next, the carrier challenges the Board's denial of its application for reconsideration. Initially, we note that this is not an application to reopen a claim (see, e.g., Matter of Rusyniak v Syracuse Flying School, 37 NY2d 384), nor is it a motion to renew based on new evidence. Rather, it is simply a motion for reconsideration based on the evidence in the record. Such a motion lies in the discretion of the Board and denial thereof is not reviewable unless it is arbitrary and capricious (Matter

*of Leon v General Motors Corp.,* 40 AD2d 882). There is nothing in the instant case to suggest that the Board's denial of the carrier's application for reconsideration was arbitrary or capricious.

Decisions affirmed, with costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.