In the Matter of the Claim of EDWARD MILLER, Respondent, v ARROW CARRIERS CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, October 8, 1987

## APPEARANCES OF COUNSEL

*Welt, Stockton & Associates (Michael A. Sims* of counsel), for appellants.

*John R. Canino, P. C.,* for Edward Miller, respondent.

*Robert Abrams, Attorney-General (Adele Bernhard* and *Jane Lauer Barker* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

YESAWICH, JR., J.

As a result of a job-related 1981 motor vehicle accident, claimant received workers' compensation benefits. His employer's workers' compensation insurance carrier notified claimant that it claimed a lien against any recovery obtained in claimant's third-party action and further advised that it did not consent to any settlement of that action. Claimant subsequently settled with the third-party defendants for $100,000, the limit of the latter's liability insurance coverage and then, pursuant to Workers' Compensation Law § 29 (5), moved in Supreme Court for judicial approval of the compromise; at that time, the carrier had already expended $123,007.69 in medical benefits and $25,757 in lost wage benefits. Over the carrier's opposition, Supreme Court issued an order approving the settlement; it deducted $33,333 for counsel fees and $1,004.55 for litigation expenses, allotted $30,000 to the carrier in "full and complete compromise and settlement" of its workers' compensation lien and awarded claimant the balance of $35,633.

Thereafter, within the time to appeal that order, the carrier and claimant, by their attorneys, entered into a stipulation, which they submitted to Supreme Court, modifying the order. The stipulation provided that if the court deleted the provisions compelling the carrier to compromise its lien of approximately $148,764.89, the carrier would do so voluntarily in exchange for $30,000 of the settlement proceeds, but the carrier would reserve its right to offset future compensation obligations by claimant's net recovery of $35,633. The stipulation also contained a declaration by claimant that he did not consent to or agree that the carrier had any such offset right. Based on this stipulation, Supreme Court modified its order accordingly.

After the settlement proceeds were distributed, the carrier

continued to pay claimant, who is still totally disabled, weekly compensation until the Workers' Compensation Board granted it permission to suspend further payment because of its credit offset. Following a hearing, a Workers' Compensation Law Judge found that the carrier had indeed preserved its right to a future offset in the amount of $35,663. Ultimately, however, the Board reversed that determination, prompting the carrier and the employer to take this appeal.

At issue is the effect to be given to Supreme Court's order as modified by the parties' stipulation. Rather than clearly establishing whether the carrier is entitled to a future offset, the stipulation sets out a dispute between the parties as to whether the carrier is entitled to claim a future offset once its lien is waived. Supreme Court did not pass on this question when it issued the modification order but simply incorporated the stipulation.

Workers' Compensation Law § 29 confers two separate rights on compensation carriers to obtain reimbursement from the proceeds of third-party recoveries: that of a lien against the recovery for the amount of benefits disbursed by a carrier (Workers' Compensation Law § 29 [1]), and the right to offset a claimant's future compensation benefits by the amount of the claimant's net recovery in the third-party action (Workers' Compensation Law § 29 [4]). To induce settlement, a carrier may waive its lien for less than the amount to which it is entitled, but if it also wishes to retain its right to future offsets it must do so explicitly (*Matter of Hilton v Truss Sys.*, 82 AD2d 711, 712, *affd* 56 NY2d 877; *Matter of Robinette v Meyer Sign Co.*, 43 AD2d 458, 461). Although there is some indication in the record here that before the initial compromise order was issued the carrier made claimant and Supreme Court aware of its intention to reserve its offset right, it is unmistakably clear that the carrier did so when the parties stipulated to the settlement. Claimant's mistaken view of the law does not undermine the carrier's reservation.

Nor does Supreme Court's original order effect a waiver of the carrier's right to an offset. Unlike subdivision (1) of Workers' Compensation Law § 29, subdivision (4) does not make allowance for judicial adjustment of its impact. This is in keeping with the Legislature's policy of avoiding retention by claimants of double recoveries, namely, the entire amounts of both their compensation award and common-law recovery (*see, Matter of Granger v Urda,* 44 NY2d 91; *see generally,* 2A Larson, Workmen's Compensation §§ 71.20-71.21). If the court

were allowed to waive the carrier's right to a future offset, claimant would receive double compensation, a result antithetical to the statute's intent.

It is true, as claimant and the Board point out, that in *Matter of Rosenberg v Schector & Co.* (20 AD2d 606) and *Matter of Millward v Meyer Sign Co.* (28 AD2d 1027, *affd* 23 NY2d 966) the carriers' voluntary compromise of their liens worked a waiver of their rights to deduct the amount of the net benefit accruing to the claimants as a result of the third-party actions, from the compensation due, in determining any deficiency pursuant to Workers' Compensation Law § 29 (4). Significantly, these cases involved a concession by the carriers to bring about a settlement. In the case at hand, the carrier was in the first instance required by Supreme Court to accept the settlement, which cannot be construed as a waiver of offset rights. Furthermore, unlike the carriers in *Rosenberg* and *Millward,* the carrier herein, when later consenting to the settlement, categorically reserved its right to the offset.

KANE, J. P., MAIN, WEISS and LEVINE, JJ., concur.

Decision reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith.