■ In the Matter of the Claim of LEON WRIGHT, Appellant, v GOLDEN ARROW LINE, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [615 NYS2d 473] —Peters, J. Appeals from a decision and a supplemental decision of the Workers' Compensation Board, filed April 19, 1991 and December 16, 1991, which ruled, *inter alia,* that claimant's failure to seek the consent of his employer's workers' compensation insurance carrier to the settlement of a third-party action barred further awards.

In June 1981, claimant suffered a compensable injury to his knee and back. In 1986, he reinjured his knee and back in a second compensable injury when he had an accident with another vehicle while driving a school bus in the course of his employment. Claimant was awarded workers' compensation benefits for the 1981 injury. During the pendency of claimant's claim for benefits relating to the 1986 injury before the Workers' Compensation Law Judge (hereinafter WCLJ), claimant commenced an action in Supreme Court (hereinafter the

third-party action) against the motorist involved in the accident, which was settled in August 1988 for $13,000.

Upon learning of the settlement, the employer and its workers' compensation insurance carrier requested that claimant be barred from any future award of workers' compensation benefits since they were not properly notified of such settlement and had not consented thereto as required by Workers' Compensation Law § 29 (5). Claimant, however, contended that a representative of the carrier waived the carrier's lien and its right to future offset from the proceeds of the third-party action.

After a full evidentiary hearing before the WCLJ, it was determined that claimant settled the third-party action without the carrier's consent and was therefore barred from receiving future compensation benefits. The WCLJ also refused to modify the prior compensation award and denied claimant's request for additional expenses and reimbursements. After administrative review and a hearing before the Workers' Compensation Board, the underlying decision was affirmed without prejudice to claimant seeking a nunc pro tunc order in Supreme Court. In a supplemental decision, the Board ruled that all other issues raised would not be addressed until claimant successfully reopened his claim. Claimant now appeals.

Claimant initially contests the Board's finding that he failed to obtain the consent of the carrier to the third-party action settlement. Workers' Compensation Law § 29 (5) requires an employee to obtain the consent of the carrier to settlement or obtain an order of the court on notice to the carrier approving a settlement for less than the compensation provided by law. Should a claimant fail to do so, the result is the loss of future workers' compensation benefits (see, Matter of Daly v Daly Constr. Corp., 136 AD2d 798, lv denied 72 NY2d 807). The question of whether a settlement was procured with the proper consent of the carrier is a factual issue for the Board to determine (see, Matter of Parmelee v International Paper Co., 157 AD2d 878; Matter of Durham v Barker Chem. Corp., 151 AD2d 887). Should a finding of fact made by the Board be supported by substantial evidence, such finding will be deemed conclusive (see, Matter of Gates v McBride Transp., 60 NY2d 670, 671).

Upon the record before us, we find that claimant's contentions that he notified the carrier and his employer and procured an agreement from the carrier that it would not limit

future workers' compensation payments for the 1986 injury were appropriately rejected. Noting that credibility issues caused by conflicting testimony are left to the Board to determine *(see, Matter of Derello v Wyndham Poughkeepsie Hotel,* 195 AD2d 901; *Matter of Smith v Paul Smith's Coll.,* 186 AD2d 320)*, we find that there is substantial evidence supporting the Board's determination *(see, Matter of Parmelee v International Paper Co., supra)*. We further find that the Board appropriately rejected claimant's contentions regarding waiver *(see, Matter of Burton v ITT Cont. Baking Co.,* 93 AD2d 921)*, and that his status as a part-time employee obviated the need to give the required notice *(see,* Workers' Compensation Law § 29).

As to claimant's request that we grant an order nunc pro tunc pursuant to Workers' Compensation Law § 29 (5), we note that such request was already made in Supreme Court and denied by order dated June 19, 1991. Accordingly, since such order was never appealed, we will not review it. As to the Board's refusal to address claimant's remaining contentions absent a nunc pro tunc order from Supreme Court, we find that the Board correctly refused to address these issues due to the prejudice which could enure to the carrier as a result thereof *(see, Matter of Meachem v New York Cent. R. R. Co.,* 8 NY2d 293; *Matter of Daly v Daly Constr. Corp., supra)*.

As to any further contentions raised herein, we find them to be without merit.

Cardona, P. J., White, Weiss and Yesawich Jr., JJ., concur. Ordered that the decision and supplemental decision are affirmed, without costs.