■ In the Matter of the Claim of FRANK MARTIN, Appellant, v LEVEST ELECTRIC CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [734 NYS2d 346] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed November 14, 2000, which ruled that the employer's workers' compensation carrier had reserved the employer's right to a credit against claimant's future awards of workers' compensation benefits.

As the result of injuries sustained in an accident at work, claimant filed a claim for workers' compensation benefits and also commenced a third-party personal injury action in Supreme Court, Richmond County. When claimant settled the personal injury action, the workers' compensation carrier for the employer stopped paying benefits to claimant, prompting claimant to seek an order in Supreme Court approving the settlement nunc pro tunc. After the order of approval was entered, a dispute arose regarding the carrier's ability to offset claimant's future benefits against the net proceeds of the settlement pursuant to Workers' Compensation Law § 29. The Workers' Compensation Board ruled that the carrier had properly reserved its right to the offset. Claimant appeals.

First, claimant argues that the carrier consented to the settlement thereby waiving its right to the offset. We reject

claimant's argument that the Supreme Court order approving the settlement implicitly established the carrier's consent. The question of whether the carrier had consented to the settlement was not an issue that necessarily had any relevance to Supreme Court in the exercise of its discretion to grant claimant's application for judicial approval of the settlement nunc pro tunc (*see, Matter of Gilson v National Union Fire Ins. Co.*, 246 AD2d 897). Rather, the issue of whether the carrier consented to the settlement is for the Board to decide and its decision, if supported by substantial evidence, will not be disturbed (*see, Matter of Wright v Golden Arrow Line*, 206 AD2d 759). In this case, the Board found no consent. Although there is evidence that the carrier had participated in a settlement conference where the terms of a possible settlement were discussed, there is no evidence of the carrier's participation in or consent to the settlement itself, which occurred several months later. Accordingly, there is no basis to disturb the Board's decision on the issue of the carrier's consent.

The Board also correctly interpreted this Court's holding in *Matter of Miller v Arrow Carriers Corp.* (130 AD2d 279) as precluding a court from waiving a carrier's right to future offset where the carrier has expressly reserved its offset right (*id.*, at 281-282). Whether the carrier expressly reserved that right was also an issue for resolution by the Board and, again, its decision, if supported by substantial evidence, will not be disturbed (*see, Matter of Whitcomb v Xerox Corp.*, 246 AD2d 947, 948). Based upon the affidavit submitted by the employer in response to claimant's application for court approval, we conclude that the Board could rationally find that the carrier's right to future offset was expressly reserved in this case.

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.