■ In the Matter of the Claim of MARK HULBERT, Respondent, v CORTLAND COUNTY SHERIFF'S DEPARTMENT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [891 NYS2d 746]—

Stein, J.

Claimant, a former Cortland County Sheriff's Deputy, sustained serious injuries to his head and right elbow during a jailbreak at the Cortland County Jail in September 1981. Following one of several surgeries to repair damage to his elbow, claimant ultimately developed a bacterial infection in his aortic valve, causing him to suffer a heart attack and stroke, which eventually led to paralysis of one side of his body and aphasia. Following a hearing in December 1984, a Workers' Compensation Law Judge (hereinafter WCLJ) found claimant to be permanently physically disabled as a result of injuries sustained while at work and awarded him benefits.

Between August 2005 and January 2006, claimant underwent emergency care for an infection of the area where a pacemaker had been installed at the time of his heart attack and amassed substantial medical bills that the self-insured employer disputed. A hearing was scheduled at which the WCLJ gave the employer an adjournment to present contrary medical evidence. At a

subsequent hearing in March 2006, the employer conceded that the disputed bills were causally related to a compensable injury, but indicated that it was investigating whether claimant had settled a third-party malpractice action related to his compensable injuries without the employer's consent. The matter was subsequently adjourned several times to afford the employer time to investigate its claim regarding a possible settlement. At the final hearing in January 2007, the employer stated that it had discovered no information other than that a lawsuit had been commenced. Claimant's current wife testified that claimant had no recollection of commencing or discontinuing a malpractice action* and the WCLJ found for the medical providers with regard to the disputed bills. After the WCLJ announced his determination, the employer argued for the first time that it was claimant's obligation to produce information regarding the status of the malpractice action.

The employer then applied for review by the Workers' Compensation Board, contending that it had evidence that claimant had settled or discontinued a third-party lawsuit without its consent. Two months later, the employer supplemented its application for review with a copy of a stipulation of discontinuance in a malpractice action. Nevertheless, the Board found that the WCLJ had "acted appropriately and within his discretion in denying the self-insured employer further opportunity to defend the claim" and commented that the employer did not file a copy of the stipulation of discontinuance with the Board in a timely manner and failed to explain why it could not have been produced at an earlier date. The employer now appeals from the Board's decision and from the denial of its application for full Board review.

We affirm. It is well settled that, if a third-party action relating to an injury also subject to a workers' compensation claim is settled without the consent of the employer/carrier or a compromise order, the claimant forfeits any further benefits for which a recovery might have been had in the third-party action (*see* Workers' Compensation Law § 29 [5]; *Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 19-20 [1994]), and the claimant bears the burden of establishing that the employer's consent was obtained (*see Employer: NYC Tr.*

---

* Claimant was unable to personally appear or testify due to his debilitating condition and his current wife had no personal knowledge regarding the alleged settlement as she was not married to claimant at the time. It was alleged that claimant's former wife had previously exercised total control over claimant's financial affairs. Notwithstanding the employer's knowledge of this assertion, there is no indication in the record that the employer made any effort to contact claimant's former wife.

*Auth.*, 2002 WL 231989, \*1, 2002 NY Wrk Comp LEXIS 87935, \*3 [WCB No. 0975 4254, Feb. 7, 2002]). We note that the employer's contention here that claimant failed to meet that burden is not preserved for our review since it was first raised after the WCLJ rendered his decision (*see Matter of Weingarten v Pathmark Stores*, 256 AD2d 648, 650 [1998]; *Matter of Gregg v Randazzo*, 216 AD2d 747, 749 [1995]). In any event, the employer failed to present any evidence to the WCLJ that claimant had commenced a malpractice action, let alone settled or discontinued such action. Therefore, claimant's duty to demonstrate the employer's consent never arose (*compare Matter of Russo v M & M Transp.*, 127 AD2d 931 [1987], *lv denied* 70 NY2d 602 [1987]).

The WCLJ's refusal to adjourn the January 2007 hearing to provide the employer with a further opportunity to obtain authorizations and present evidence is not a ground for Board review (*see* 12 NYCRR 300.10 [b]). Moreover, the Board did not abuse its discretion in declining to consider the stipulation of settlement, presented for the first time in the application for review, inasmuch as the lapse of approximately 10 months between the time the employer first raised the possibility of a settlement in a third-party action and the date of the final hearing evidenced a lack of diligence on the employer's part in investigating that matter (12 NYCRR 300.13 [g]; *see Matter of Heustis v Teriele*, 193 AD2d 934, 935 [1993]). Additionally, as noted by the Board, although the employer referred to the stipulation of discontinuance in its initial application for review, the employer did not submit the stipulation until several months later—after the 30-day period to apply for review had run—thus permitting the Board to refuse to consider it (*see* 12 NYCRR 300.13 [a], [e] [2]).

Nor do we find any abuse of discretion in the denial of full Board review of the unanimous panel decision, as the employer proffered no new evidence in support of its application (*see* Workers' Compensation Law §§ 23, 142 [2]; *Matter of Green v Kimber Mfg., Inc.*, 59 AD3d 782, 783 [2009], *lv dismissed* 12 NY3d 865 [2009]; *Matter of Graham v Pathways, Inc.*, 305 AD2d 830, 831 [2003], *lv dismissed* 1 NY3d 564 [2003]; *Matter of Howard v New York Times*, 302 AD2d 698, 699-700 [2003], *lv dismissed and denied* 100 NY3d 531 [2003]).

Peters, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decisions are affirmed, with costs to claimant.