In the Matter of the Claim of DAVID AMACIO, Appellant, v TULLY CONSTRUCTION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [918 NYS2d 276]—

Stein, J.

Claimant sustained a work-related injury in 1998 and was awarded workers' compensation benefits. Claimant also brought a third-party negligence action in the Court of Claims, which resulted in a settlement of $800,000 in June 2000. In October 2000, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant was permanently partially disabled, set his average weekly wage and determined that the employer's workers' compensation carrier had waived its lien of $71,000. Claimant continued thereafter to receive compensation benefits of $400 per week for several years.

In 2008, the employer's current workers' compensation carrier sought to offset claimant's compensation benefits against his third-party recovery. Both parties were requested to produce evidence regarding whether the former carrier had waived its right to offset the third-party recovery. Following a hearing, a WCLJ found that the former carrier had waived its right and directed the current carrier to continue paying compensation benefits. On review, the Workers' Compensation Board found that there was insufficient evidence that the former carrier had waived its compensation lien and the right to offset benefit payments against the third-party recovery. The Board rescinded the WCLJ's decision and suspended benefit payments pending the production of evidence demonstrating the former carrier's consent. The Board subsequently denied claimant's application for reconsideration and/or full Board review, and these appeals ensued.*

We affirm. Pursuant to Workers' Compensation Law § 29 (1),

---

* Inasmuch as claimant fails to raise any issue with respect to his separate appeal from the Board's denial of his application for reconsideration and/or

an employer or carrier has a lien against a third-party recovery for compensation and medical expenses already paid (*see Matter of Brisson v County of Onondaga*, 6 NY3d 273, 277 [2006]). The employer or carrier also has a right to offset future compensation benefits against the recovery (*see* Workers' Compensation Law § 29 [4]). In order for a claimant to settle a third-party action and continue to receive workers' compensation benefits, either the written consent of the carrier to the settlement or a compromise order from the court in which the third-party action is or was pending is required (*see* Workers' Compensation Law § 29 [5]; *Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 19 [1994]; *Matter of Hulbert v Cortland County Sheriff's Dept.*, 69 AD3d 987, 988 [2010], *lv denied* 14 NY3d 710 [2010]; *Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d 991, 992 [2001], *lv denied* 97 NY2d 612 [2002]). The burden is on the claimant to establish that the consent of the employer or carrier was obtained (*see Matter of Hulbert v Cortland County Sheriff's Dept.*, 69 AD3d at 988).

Initially, we reject claimant's contention that the doctrine of laches bars the current carrier from challenging whether the former carrier consented to the settlement. "[T]he failure to assert a defense for an unreasonable and unexplained length of time, accompanied by other circumstances causing prejudice to an adverse party, operates as a basis for the doctrine of laches" (*Matter of Finchum v Colaiacomo*, 55 AD3d 1084, 1085 [2008] [internal quotation marks and citations omitted]). Here, claimant argues that there was an inexcusable delay of eight years before the carrier contested the consent to the third-party settlement and he is prejudiced by the potential loss of evidence of the former carrier's consent. Our review of the record reveals, however, that the former carrier raised a lack of consent to the settlement at a hearing in August 2000 and claimant was directed to submit proof of such consent following that hearing, but failed to do so. In light of the fact that claimant bore the burden of establishing consent to the settlement and was on notice that such proof was required as early as August 2000, we conclude that claimant has not demonstrated any prejudice by such evidence being potentially unavailable at the present time (*see generally Matter of Hopkins v Alcas Corp., Cutco Cutlery*, 63 AD3d 1342, 1344 [2009]).

Turning to the merits, we find that the Board properly found insufficient evidence that the former carrier waived its compensation lien or its right to offset or that it consented to

full Board review, we deem that appeal to be abandoned (*see Matter of Grill v Fashion Inst. of Tech.*, 74 AD3d 1685, 1686 n [2010]).

the settlement. Claimant relies on the transcript of the settlement agreement, during which the defendant, the State of New York, agreed to the $800,000 amount and indicated that it was authorized to consent to claimant receiving that sum and also continuing to receive workers' compensation benefits. Neither the employer nor the former carrier was a party to that action, nor were they present when the settlement was placed on the record, and there is no evidence that either consented in writing to its terms or gave authority to the third-party defendant to confer such consent. Moreover, although the transcript reflects that claimant's attorney had spoken to the former carrier and was informed of the exact amount of its workers' compensation lien, there is no evidence that the former carrier agreed to waive the lien. "The question of whether a settlement was procured with the proper consent of the carrier is a factual issue for the Board to determine" (*Matter of Wright v Golden Arrow Line*, 206 AD2d 759, 760 [1994] [citations omitted]). Absent any proof in the record that the employer or carrier either consented to the settlement agreement or to waiving the lien, or that claimant sought judicial approval of the settlement, we find no reason to disturb the Board's decision (*see Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d at 19-20; *Matter of Waters v City of New York*, 273 AD2d 786, 786-787 [2000], *lv denied* 95 NY2d 765 [2000]).

Claimant's remaining argument has been considered and found to be without merit.

Mercure, J.P., Peters, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decisions are affirmed, without costs.

