■ In the Matter of the Claim of JUAN RODRIGUEZ, Appellant, v NEW SANS SOUCI, N.H., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [951 NYS2d 588]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed February 7, 2010, which, among other things, suspended claimant's workers' compensation benefits pending proof that the employer's workers' compensation carrier consented to the settlement of claimant's third-party action.

On May 9, 1999, claimant sustained a work-related injury to his back and knees and was awarded workers' compensation benefits. Claimant underwent back surgery in connection with that accident in September 1999 and again in April 2003. In 2005, claimant was classified with a partial disability, and compensation payments by the employer and its workers' compensation carrier were continued.

Thereafter, the carrier requested further action to determine if claimant settled an action against a third party in 2001, without consent, that involved an alleged May 6, 1999 work-related injury to his back, which, according to the carrier, included compensation for surgery and medical treatment that he received in connection with his May 9, 1999 workers' compensation claim. Following a hearing, a Workers' Compensation Law Judge suspended any further compensation payments in connection with the May 9, 1999 claim and directed claimant to produce proof of consent to settle the third-party action. The Workers' Compensation Board affirmed and this appeal ensued.

We affirm. "It is well settled that, if a third-party action relating to an injury also subject to a workers' compensation claim is settled without the consent of the employer/carrier or a compromise order, the claimant forfeits any further benefits for which a recovery might have been had in the third-party action" (*Matter of Hulbert v Cortland County Sheriff's Dept.*, 69 AD3d 987, 988 [2010] [citation omitted], *lv denied* 14 NY3d 710 [2010]; *see* Workers' Compensation Law § 29 [5]). The burden is on the claimant to establish that such consent was obtained (*see Matter of Amacio v Tully Constr.*, 82 AD3d 1371, 1372 [2011]). Here,

the record establishes that claimant utilized medical bills and treatment pertaining to the May 9, 1999 injury claim in connection with the settlement of his claim regarding the alleged May 6, 1999 incident. Under these circumstances, and given that "[a] substantial part of the legislative purpose and intent of Workers' Compensation Law § 29 . . . is to prevent double recovery" (*Matter of Kirk v Central Hudson Gas & Elec. Co.*, 50 AD3d 1298, 1299 [2008]), we will not disturb the Board's finding that claimant must produce evidence of a nunc pro tunc order or of the carrier's consent to the settlement of the third-party action.

Claimant's remaining contentions have been reviewed and found to be without merit.

Rose, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.