## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 17, 2016              522762
_____

In the Matter of the Claim of
    LESLEY SHINER,
                        Appellant,

        v

SUNY AT BUFFALO et al.,                   MEMORANDUM AND ORDER
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____


Calendar Date:  October 20, 2016

Before:  McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.


_____


        Law Office of Lindy Korn, PLLC, Buffalo (Richard Perry of
counsel), for appellant.

        William O'Brien, State Insurance Fund, Buffalo, for SUNY at
Buffalo and another, respondents.


_____


Mulvey, J.

        Appeal from a decision of the Workers' Compensation Board,
filed May 29, 2015, which ruled that claimant's failure to obtain
the consent of her employer's workers' compensation carrier to
the settlement of a third-party action barred her from receiving
further benefits.

        One of claimant's supervisors, an associate dean,
reportedly sexually harassed and groped her at an office holiday
party in December 2010.  She filed a claim for workers'
compensation benefits, which was established for posttraumatic

stress disorder and neck injury. Claimant also commenced an action in federal court against her employer and the associate dean alleging a hostile work environment, discrimination, battery and assault. That action settled in August 2013 for $255,000, with both defendants contributing funds to the settlement and $65,000 specifically allocated for "back and front pay." Thereafter, the employer's workers' compensation carrier, the State Insurance Fund (hereinafter the carrier), asserted that claimant should be barred from future workers' compensation benefits because she had neither sought nor obtained its consent to the settlement as required by Workers' Compensation Law § 29 (5). Claimant contended that the carrier's consent was not required because the federal action was not a third-party action within the meaning of the statute. A Workers' Compensation Law Judge determined that the federal action was a third-party action, which claimant had settled without seeking or obtaining the carrier's consent, and, accordingly, that she forfeited further benefits as of the date of the August 2013 settlement. The Workers' Compensation Board affirmed and claimant now appeals.

We affirm. "Workers' Compensation Law § 29 (5) requires either the carrier's consent or a compromise order from the court in which the third-party action is pending for a claimant to settle a third-party action and continue receiving compensation benefits" (Matter of Johnson v Buffalo & Erie County Private Indus. Council, 84 NY2d 13, 19 [1994]; see Matter of Hulbert v Cortland County Sheriff's Dept., 69 AD3d 987, 988 [2010], lv denied 14 NY3d 710 [2010]; Matter of Wright v Golden Arrow Line, 206 AD2d 759, 760 [1994]). Claimant urges that her federal lawsuit was not a third-party action since the statute addresses "the negligence or wrong of another not in the same employ" (Workers' Compensation Law § 29 [1]) and the associate dean who harassed her had the same employer as her. The Court of Appeals, however, has recently reiterated that Workers' Compensation Law § 29, "'read in its entirety and in context, clearly reveals a legislative design to provide for reimbursement of the compensation carrier whenever a recovery is obtained in tort for the same injury that was a predicate for the payment of compensation benefits'" (Matter of Beth V. v New York State Off. of Children & Family Servs., 22 NY3d 80, 91 [2013], quoting

Matter of Petterson v Daystrom Corp., 17 NY2d 32, 39 [1966]).
"The Court reasoned that "'[i]t would be unreasonable to read the
statute as mandating a different result merely because the
recovery came out of the pockets of a coemployee [or the
employer] and not from the resources of a stranger'" (Ronkese v
Tilcon N.Y., Inc., 129 AD3d 1273, 1275 [2015], lv dismissed ___
NY3d ___ [Nov. 1, 2016], quoting Matter of Beth V. v New York
State Off. of Children & Family Servs., 22 NY3d at 91).  The fact
that claimant included allegations of intentional conduct by a
coemployee in her federal action does not, as urged by claimant,
compel the conclusion that it was not a third-party action (see
Matter of Beth V. v New York State Off. of Children & Family
Servs., 22 NY3d at 91-92; Hanford v Plaza Packaging Corp., 2 NY3d
348, 351, n 3 [2004]; but cf. Matter of Jackson v Richman & Co.,
15 NY2d 877, 878-879 [1965] [exception found where there was a
Board finding that an assault by a company/employer president
was, under the existent narrow circumstances, tantamount to
assault by the employer in furtherance of the employer's
business]).

        Here, the Board's finding that, in her federal action,
claimant "sought and received a recovery that was a predicate for
the payment of compensation benefits" is supported by substantial
evidence, including, among other things, the terms of the
stipulation of settlement of that action.  Given such finding,
the Board's determination that the federal action was a third-
party action is consistent with the case law construing Workers'
Compensation Law § 29 notwithstanding the involvement of a
coemployee and allegations of intentional conduct.  It is
undisputed that claimant did not seek or obtain the carrier's
consent or a compromise order before settling such action.  Under
such circumstances, the Board's determination that claimant
forfeited future benefits by entering into the settlement without
the carrier's consent must be affirmed.  The remaining issues
were not raised before the Board and, thus, are not preserved for
our review (see Matter of Duncan v John Wiley & Sons, Inc., 137
AD3d 1430, 1431 [2016]; Matter of Thomas-Fletcher v New York City
Dept. of Corr., 120 AD3d 867, 867 [2014]; Matter of Stewart v NYC
Tr. Auth., 115 AD3d 1046, 1046-1047 [2014]).

McCarthy, J.P., Lynch, Devine and Aarons, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court