Matter of Hisert v Ron Allen Trucking Inc. (2019 NY Slip Op 05735)





Matter of Hisert v Ron Allen Trucking Inc.


2019 NY Slip Op 05735


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

527094

[*1]In the Matter of the Claim of PAUL R. HISERT, Appellant,
v
RON ALLEN TRUCKING INC. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 31, 2019

Before: Egan Jr., J.P., Lynch, Mulvey and Pritzker, JJ.


Law Firm of Alex Dell, PLLC, Albany (Courtney E. Holbrook of counsel), for appellant.
William O'Brien, State Insurance Fund, Albany (Nancy E. Wood of counsel), for Ron Allen Trucking Inc. and another, respondents.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed October 5, 2017, which ruled, among other things, that claimant's failure to obtain the consent of his employer's workers' compensation carrier to the settlement of a third-party action barred him from receiving further awards.
Claimant established a claim for workers' compensation benefits as a result of injuries sustained in a motor vehicle accident and ultimately was classified with a permanent partial disability and a 51% loss of wage-earning capacity. Claimant also commenced, as is relevant here, a third-party action against the driver of the other vehicle involved in the motor vehicle accident. That action settled for the full policy limit of $50,000. Thereafter, the employer's workers' compensation carrier asserted that claimant should be barred from future workers' compensation benefits because he did not obtain its consent to the settlement as required by Workers' Compensation Law § 29 (5). Following a hearing, a Workers' Compensation Law Judge determined that the third-party action was settled without obtaining the carrier's consent and, as such, claimant forfeited any further workers' compensation benefits. The Workers' Compensation Board affirmed, and claimant appeals.
We affirm. "Workers' Compensation Law § 29 (5) requires either the carrier's consent or a compromise order from the court in which a third-party action is pending for a claimant to settle a third-party action and continue receiving compensation benefits" (Matter of Johnson v Buffalo & Erie County Private Indus. Council, 84 NY2d 13, 19 [1994] [citations omitted]; see Matter of Rodriguez v New Sans Souci, N.H., 98 AD3d 1205, 1205 [2012], lv denied 20 NY3d 856 [2013]; Matter of Hulbert v Cortland County Sheriff's Dept., 69 AD3d 987, 988 [2010], lv [*2]denied 14 NY3d 710 [2010]). The burden is on the claimant to establish that proper consent was obtained (see Matter of Hulbert v Cortland County Sheriff's Dept., 69 AD3d at 988). "The question of whether a settlement was procured with the proper consent of the carrier is a factual issue for the Board to determine" (Matter of Amacio v Tully Constr., 82 AD3d 1371, 1372 [2011] [citation omitted]). It is "well settled[] that neither [this Court] nor the Court of Appeals has power to upset the determination of an administrative tribunal on a question of fact . . . beyond seeing to it that there is substantial evidence" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230 [1974] [internal quotation marks and citations omitted]; see Matter of Brisson v County of Onondaga, 6 NY3d 273, 279 [2006]).
In support of claimant's contention that consent for the settlement was properly obtained, he relies on the final sentence in two correspondences sent by the carrier to his third-party counsel stating that the carrier "has no objection to a $50,000 policy limit settlement of the claimant's bodily injury claim." Both correspondences, however, also specifically advised that the carrier's "consent is required prior to settlement or discontinuance of any third-party action" and to "please communicate with [the carrier]" before settlement to arrange for consent and satisfaction of the lien. A review of the entire correspondences and the plain language therein reflects that the carrier anticipated further communication with the third-party counsel prior to consenting to any settlement. As such, given the record before us, we find that the Board's decision that claimant did not obtain the carrier's consent prior to settling the third-party action is supported by substantial evidence and, therefore, it will not be disturbed (see Matter of Johnson v Buffalo & Erie County Private Indus. Council, 84 NY2d at 19-20; Matter of Amacio v Tully Constr., 82 AD3d at 1372-1373; Matter of Wright v Golden Arrow Line, 206 AD2d 759, 760-761 [1994]). Claimant's remaining contentions are without merit.
Egan Jr., J.P., Lynch and Mulvey, JJ., concur.
ORDERED that the decision is affirmed, without costs.