Matter of Fuller v Jackson (2022 NY Slip Op 03429)





Matter of Fuller v Jackson


2022 NY Slip Op 03429


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

533788
[*1]In the Matter of the Claim of Howard Alphonso Fuller, Appellant,
v
Albert Jackson, Doing Business as A.J. Construction Co., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 20, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Polsky, Shouldice & Rosen, PC, Rockville Centre (Timothy J. Rogers of counsel), for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Thomas Lumpkin of counsel), for Uninsured Employers Fund, respondent.



Aarons, J.P.
Appeal from a decision of the Workers' Compensation Board, filed January 11, 2021, which, among other things, suspended the payment of claimant's workers' compensation benefits.
Claimant sustained work-related injuries in 2006 and his claim for workers' compensation benefits was established. Claimant also brought a third-party action as result of his injuries. In September 2013, the Uninsured Employers' Fund (hereinafter UEF), acting as the workers' compensation carrier, consented to the settlement of claimant's third-party action, agreeing to be paid $94,927 in satisfaction of its lien. UEF's consent was also conditioned upon the receipt of a copy of the judicial closing statement. In September 2015, UEF, through its then claims administrator, advised claimant's counsel on his third-party action that it had not yet received the lien recovery check or the judicial closing statement and requested that such be provided. Similar correspondence was sent to claimant's third-party action counsel in September 2016 and April 2018. In April 2020, UEF's current claims administrator, SAFE LLC, filed a request for further action seeking the suspension of claimant's benefits. Following a May 2020 hearing, during which claimant argued that the doctrine of laches barred the suspension of his benefits, the Workers' Compensation Law Judge (hereinafter WCLJ) held the suspension of claimant's benefits in abeyance and continued the case, in order to provide claimant an opportunity to obtain the requested documents from his third-party action counsel. During the subsequent hearing, claimant's workers' compensation counsel informed the WCLJ that claimant's counsel on the third-party action had advised him that the action had been settled and UEF's lien had been paid, but that copies of the proof of payment and the judicial closing statement were in storage and that he was not yet able to provide them. At the conclusion of the hearing, the WCLJ suspended claimant's benefits pending the production of the judicial closing statement and proof of payment of the lien. Upon administrative review, the Workers' Compensation Board found that that the doctrine of laches did not apply and affirmed the WCLJ's decision. Claimant appeals.
We affirm. The doctrine of laches "may apply within the context of a workers' compensation claim when a party is guilty of the failure to assert a right for an unreasonable and unexplained length of time, accompanied by other circumstances causing prejudice to an adverse party" (Matter of Jones v Burrell Orchards, Inc., 184 AD3d 919, 920 [2020] [internal quotation marks and citations omitted]; see Matter of Finchum v Colaiacomo, 55 AD3d 1084, 1085 [2008]). "The Board's determination regarding the applicability of the laches doctrine will not be disturbed on appeal if supported by substantial evidence" (Matter of Manticoff v American Bldg. Maintenance, 63 AD3d 1308, 1309-1310 [2009]; accord Matter of Nunez v Ulster BOCES/Arden Hill, [*2]167 AD3d 1218, 1219 [2018]).
The record reflects that UEF's 2013 consent to the third-party action settlement was contingent upon being provided a copy of the judicial closing statement and payment of its lien. In light of proof in the record that UEF attempted to obtain the judicial closing statement and payment of its lien from claimant's counsel on the third-party action in 2015, 2016 and 2018, UEF's delay in bringing this issue before the Board in 2020 was not unreasonable or unexplained. Moreover, even assuming an unreasonable delay, claimant has not shown that UEF's delay in raising this issue resulted in actual prejudice, as there is no evidence that the judicial closing statement or proof of payment of the lien were lost or otherwise could not be obtained, or that other potential remedies were not available to claimant (see Matter of Hopkins v Alcas Corp., Cutco Cutlery, 63 AD3d 1342, 1344 [2009]). Accordingly, the Board's refusal to apply the doctrine of laches is supported by substantial evidence (see Matter of Amacio v Tully Constr., 82 AD3d 1371, 1372 [2011]; Matter of Hopkins v Alcas Corp., Cutco Cutlery, 63 AD3d at 1344). As to the merits, a carrier has a lien on the proceeds of a third-party action equal to the amount of benefits already paid in order to prevent a claimant from receiving a double recovery (see Workers' Compensation Law § 29 [1]). Under these circumstances, the Board's determination to suspend claimant's benefits pending proof that the lien has been satisfied will not be disturbed (see generally Matter of Rodriguez v New Sans Souci, N.H., 98 AD3d 1205, 1206 [2012], lv denied 20 NY3d 856 [2013]; Matter of Amacio v Tully Constr., 82 AD3d at 1373).
Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.